UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY, NAVIGATORS MANAGEMENT (UK) LTD, and CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S OF LONDON, <br>     *Plaintiffs*, <br>       *v.* <br> DEPARTMENT OF JUSTICE, <br>     *Defendant*. | Civil No. 3:15cv329 (JBA) <br><br> January 5, 2016 |

**RULING ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

Plaintiffs Navigators Insurance Company, Navigators Management (UK) Ltd., and Certain Interested Underwriters at Lloyd's of London (collectively, "Navigators") allege that Defendant the Department of Justice ("DOJ") violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to release records responsive to Plaintiffs' request (Count One), and by failing to make a reasonable effort to search for responsive records (Count Two). Plaintiffs now move [Doc. # 22] for summary judgment and to strike [Doc. # 28] portions of an affidavit submitted by Defendant in its opposition to Plaintiffs' motion for summary judgment. Defendant, without cross-moving for summary judgment, seeks, in its opposition to Plaintiffs' motion, summary judgment in its favor. The Court granted Plaintiffs additional time to supplement their briefing in light of Defendant's argument. For the following reasons, Plaintiffs' Motion for Summary Judgment is denied, their Motion to Strike is denied as moot in part and denied in part, and judgment is entered in Defendant's favor on Count One but not on Count Two.

## I.     Background

On July 15, 2013, Navigators submitted a request to the DOJ for "copies of all documents and information of any kind or nature obtained by the government in connection with the . . . criminal investigations and guilty pleas" in four criminal cases. (Ex. A to DOJ's Opp'n [Doc. # 25] at 1.) On September 13, 2013, the Executive Office for the United States Attorneys ("EOUSA"), a subunit of the DOJ, denied Navigators' request on the grounds that the requested records concerned third parties and their release would violate the Privacy Act ("PA"), 5 U.S.C. § 552a, and were exempt under 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). (Ex. B to DOJ's Opp'n at 1.) The DOJ did, however, notify Navigators that they could file a request for any public records maintained in its files. (*Id.*) Navigators did not appeal the DOJ's decision. (Pls.' Mem. Supp. Mot. Summ. J. [Doc. # 23] at 3.)

### A.  First Request

By later dated September 25, 2013 (but received by the EOUSA's FOIA/PA Staff on October 18, 2013 (Francis Decl., Ex. 2 to DOJ's Opp'n ¶ 9)), Navigators sought "the release of any and all public records and documents maintained by the [DOJ] which touch upon, concern or relate to the subject of [Navigators' previous request]" (Ex. C to DOJ's Opp'n). The DOJ responded by letter dated October 25, 2013, in which it notified Navigators' of their request number and stated that it "makes every effort to process most requests within . . . 20 working days" but that "very large request[s]" "usually take approximately nine months to process." (Ex. D to DOJ's Opp'n.) The DOJ then forwarded the request to the FOIA point of contact in the District of Connecticut so that a search for the requested files could be conducted. (Francis Decl. ¶ 11.) On December 13,

2013, "the FOIA point of contact for the District of Connecticut provided EOUSA's FOIA/PA Staff with the result of her search." (*Id.* ¶ 12.)

On April 8, 2015, in connection with a motion for extension of time in this action, the DOJ represented that:

> The subject documents consist of approximately 3,000 to 5,000 pages (as a rough estimate) that are being actively reviewed and prioritized. The documents are currently in the first level of review, by an EOUSA paralegal, who is expected to complete her review in May. The documents will undergo a second level of review, by an EOUSA attorney, immediately thereafter. No documents can be released before the second level of review is complete. It is anticipated that the entire EOUSA review will be completed in another 4–6 weeks.

(Mot. for Ext. of Time [Doc. # 9] at 1–2.)

On July 30, 2015, the DOJ sent a packet of documents to Navigators, which the DOJ represented, constituted "a full release." (Ex. 5 to Pls.' Loc. R. 56(a)1 Stmt. [Doc. # 24] at 2.) According to Navigators, the DOJ released 538 pages of records to them (Pls.' Mem. Supp. at 5); the DOJ alleges that it released 624 pages of records (Francis Decl. ¶ 21).[1]

### B.  Second Request

On October 25, 2013, Navigators filed a second FOIA request with the DOJ (received by EOUSA's FOIA/PA Staff on October 30, 2013 (Francis Decl. ¶ 16)) seeking "copies of all documents and information obtained by the government in connection with investigations into New England Cash Dispensing Systems, Inc. ["NECD"] . . . and

---

[1] Navigators attached 538 pages of records to their Local Rule 56(a)1 Statement. (Exs. 5–12 to Pls.' Loc. R. 56(a)1 Stmt.) The DOJ has not produced any additional documents it claims were released to Navigators.

Integrated Merchant Systems ["IMS"] . . ." (Ex. F to DOJ's Opp'n). The DOJ responded by letter dated November 25, 2013, seeking more details about Navigators' request (Ex. G to DOJ's Opp'n), which Navigators provided on December 2, 2013 (Ex. H to DOJ's Opp'n). On February 7, 2014, EOUSA submitted Navigators' request to the District of Connecticut for a search to be conducted. (Francis Decl. ¶ 19.)

The DOJ sent Navigators an acknowledgement letter on February 18, 2014, in which it reiterated that it "makes every effort to process most requests within . . . 20 working days" but "very large request[s]" "usually take approximately nine months to process." (Ex. G to Compl. [Doc. # 1].) The FOIA point of contact at the District of Connecticut provided EOUSA with the results of her search for records on July 24, 2014. (Francis Decl. ¶ 20.)

As noted above, on April 8, 2015, in connection with a motion for extension of time in this action, the DOJ represented that "[t]he subject documents consist of approximately 3,000 to 5,000 pages (as a rough estimate) that are being actively reviewed and prioritized," and that the review would be completed by the end of May. (Mot. for Ext. of Time at 1–2.)

By letter dated July 15, 2015, the DOJ notified Navigators that it had approved a partial release of records. (Ex. 1 to Pls.' Loc. R. 56(a)1 Stmt. at 2.) Enclosed with the letter were 175 pages released in full, one page released in part, and 270 pages withheld in full. (*Id.*) In addition, the DOJ notified Navigators that it had located records that originated with the FBI and that would be referred to the FBI for direct response to Navigators. (*Id.* at 3.) On August 28, 2015, the DOJ produced a *Vaughn* index, containing a description of

the documents it was withholding in full and the applicable FOIA exemptions claimed for each document. (Francis Decl. ¶ 24; *see* Ex. J to DOJ's Opp'n.)

### C.  The Lawsuit

Navigators initiated this lawsuit on March 5, 2015, several months before they had received any documents in response to their two requests. Navigators seek "declaratory relief that the [DOJ] and its subunit, [EOSUA], have failed to comply with FOIA by improperly withholding documents, and . . . injunctive relief to compel the production of agency records improperly withheld from Plaintiffs by Defendant DOJ." (Compl. ¶ 10.) Their Complaint includes two counts, alleging: (1) that "DOJ's failure to release responsive records violated Plaintiffs' right to those records under 5 U.S.C. § 552(a)(3)(A)[2]," and (2) that "DOJ's failure to make a reasonable effort to search for responsive records violated Plaintiffs' rights under 5 U.S.C. § 552(a)(3)(C)[3]." (*Id.* ¶ 32.)

---

[2] Under 5 U.S.C. § 552(a)(3)(A), "each agency, upon any request for records . . . shall make the records promptly available to any person."

[3] Under 5 U.S.C. § 552(a)(3)(C), "[i]n responding . . . to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system."

## II.    Discussion[4]

### A.  Motion to Strike

Plaintiffs move for a court order striking parts of the affidavit of Tricia Francis, an Attorney-Advisor with the EOUSA, as well as certain paragraphs of Defendant's Local Rule 56(a)2 Statement,[5] on the grounds that they are "conclusory, self-serving and unsupported by the facts." (Mem. Supp. Mot. to Strike [Doc. # 29] at 1.) Specifically, Plaintiffs object to paragraphs 1–3 of the 56(a)2 Statement, in which the DOJ listed the disputed issues of material fact, and paragraphs 25–35 of Ms. Francis's declaration.

---

[4] Summary judgment is appropriate where, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, the Court may consider depositions, documents, affidavits, interrogatory answers, and other exhibits in the record. Fed. R. Civ. P. 56(c).

[5] Under D. Conn. L. Civ. R. 56(a)2, a party opposing entry of summary judgment is required to file a Local Rule 56(a)2 Statement, "which states in separately numbered paragraphs . . . and corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement [of each material fact as to which the moving party contends there is no genuine issue to be tried] whether each of the facts asserted by the moving party is admitted or denied."

As discussed below, the Court does not rely on the majority of these paragraphs in its Ruling. The only disputed paragraphs on which the Court relies are ¶¶ 31–33 and 35 of Ms. Francis's declaration. Plaintiffs' objections to ¶¶ 31–33 and 35 are based on their assertion that in these paragraphs, Ms. Francis "seeks to argue the applicable law in the DOJ's favor without factual support." (Mem. Supp. Mot. to Strike at 8, 9.) The Court agrees in part. The first sentence of ¶ 31[6] is indeed a statement of the law and not a statement of fact, but it is not a statement the Court relies on. The second sentence of ¶ 31[7] is a statement of fact and will be relied upon. Likewise, ¶¶ 32[8] and 33[9] contain no statements of law, but rather factual statements regarding the DOJ's justification for

---

[6] This sentence reads: "The records withheld were deemed exempt under FOIA Exemption (b)(7)(C), which protects from public disclosure information compiled for law enforcement purposes, if such disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy."

[7] The second sentence of ¶ 31 states: "All the information at issue was compiled for law enforcement purposes—namely, to facilitate the investigation and criminal prosecution of the target of the investigation.

[8] Paragraph 32 reads: "Exemption (b)(7)(C) was applied to the withheld records in an effort to protect the identities of third-party individuals, such as potential witnesses and law enforcement personnel, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of such personal identifiers could result in unwanted efforts to gain further access to such persons or to personal information about them—or subject them to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences—all to their detriment."

[9] This paragraph states: "Consequently, EOUSA determined that such information is exempt from disclosure under Exemption (b)(7)(C), and that there was no countervailing public interest in the release of this privacy-protected information, because its dissemination would not help explain government activities or outweigh third-party individuals' privacy rights in the information withheld under this exemption. Moreover, no third-party individual provided authorization or consent to disclose such information."

withholding the records at issue. The first sentence of ¶ 35, in which Ms. Francis states "[a]ll information withheld was exempt from disclosure pursuant to a FOIA exemption," is a legal conclusion and will be disregarded by the Court. The second sentence of ¶ 35,[10] is however, a proper explanation of the DOJ's process in considering the FOIA application at issue here.

Moreover, as this Court has previously noted, "Local Rule 56 neither authorizes . . . motions [to strike portions of an opponent's Local Rule 56(a) Statement] nor contemplates them as an appropriate remedy for a violation of the rule." *Schofield v. Magrey*, No. 3:12CV544 (JBA), 2015 WL 521418, at *15 (D. Conn. Feb. 9, 2015). Rather, a party should state its objections to the admissibility of evidence presented at summary judgment in its briefing and the Court will rely only upon admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

Accordingly, and for the foregoing reasons, to the extent Plaintiffs' motion challenges Defendant's Local 56(a)2 Statement, ¶¶ 25–30, 34, the first sentence of ¶ 31, and the first sentence of ¶ 35 of Ms. Francis's declaration, it is denied as moot. *See Radolf v. Univ. of Conn.*, 364 F. Supp. 2d 204, 230 D. Conn. 2005) ("In reaching its decision on the two motions for summary judgment, the Court did not rely on this material that Defendants seek to strike. Therefore, Defendants' Motions to Strike are denied as moot.");

---

[10] This sentence states: "After EOUSA considered the segregability of the requested records, no reasonably segregable non-exempt information was withheld from plaintiff."

*Waananen v. Barry*, 343 F. Supp. 2d 161, 172 (D. Conn. 2004) (denying motion to strike as moot "because none of the challenged exhibits were relevant to the Court's decision on summary judgment"). To the extent it challenges the second sentence of ¶¶ 31 and 35, as well as ¶¶ 32 and 33 of Ms. Francis's declaration, it is denied.

### B.  Motion for Summary Judgment

"FOIA was enacted to promote honest and open government, and to ensure public access to information created by the government in order to hold the governors accountable to the governed. It strongly favors a policy of disclosure and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act." *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012) (internal quotation marks and citations omitted). "FOIA exemptions are construed narrowly, and a court is to resolve all doubts in favor of disclosure." *Id.*

"In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Id.* "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Id.* at 190–91. "Affidavits [and declarations] submitted by an agency are accorded a presumption of good faith; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Id.* at 191. "When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits [or declarations]." *Id.*

In this case, Plaintiffs appear to claim they are entitled to summary judgment, or in the alternative, *in camera* review, for three reasons: (1) the DOJ's failure to comply with FOIA's deadlines for disclosure violated FOIA (Pls.' Mem. Supp. at 7–10); (2) the DOJ system for searching for and reviewing requested documents is inefficient and demonstrates that the DOJ failed to conduct a reasonable search (*id.* at 10–13); and (3) the public's interests in disclosure outweigh the individual defendants' (in the criminal cases) rights to privacy (*id.* at 13–15).

### C.  Timeliness of DOJ's Response

FOIA provides that "[e]ach agency, upon any request for records . . . shall . . . determine within 20 [business] days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore." 5 U.S.C. § 552(a)(6)(A)(i). "In unusual circumstances . . . the time limits . . . may be extended" by up to ten days. *Id.* § 552(a)(6)(B)(i).

In this case, there is no dispute that the DOJ did not comply with FOIA's deadlines. (*See* DOJ's Opp'n at 4 ("DOJ admits that the processing time for Plaintiff's requests was lengthy. . . .").) Rather, the parties dispute the *consequence* of the DOJ's failure to abide by the deadlines. Defendant contends that "[d]elays do not provide a jurisdictional basis for an order requiring disclosure of all responsive information located" because "the Court's jurisdiction to order an agency to release nonexempt records or material exists only if the Court concludes that the agency '(1) improperly, (2) withheld, (3) agency records.'" (DOJ's Opp'n at 9 (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).)

10

Plaintiffs, for their part, cite a number of, mostly out-of-circuit, cases for the proposition that "an agency's failure to comply with the FOIA's time limits is, by itself, a violation of the FOIA, and is an improper withholding of the requested documents." (Pls.' Mem. Supp. at 8 (quoting *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1187 (N.D. Cal. 1998)); *see also Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, Nos. 14-4365 SC, 14-1130 SC, 2015 WL 4452136, at *8 (N.D. Cal. Jul. 20, 2015) ("[T]he Fisheries Service and Fish and Wildlife Service's failure to comply with the FOIA's time limits is, by itself, a violation of the FOIA." (internal quotation marks and alterations omitted)); *Info. Network for Responsible Mining ("INFORM") and Colo. Envtl. Coal. v. Bureau of Land Mgmt.*, 611 F. Supp. 2d 1178, 1183 (D. Col. 2009) ("I find the BLM violated FOIA by failing to comply with this statutory deadline and that this failure resulted in an improper withholding under FOIA."); *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, No. Civ. S-06-2845 (LKK) (JFM), 2008 WL 2523819, at *5 (E.D. Cal. Jun. 20, 2008) ("[A]n agency's failure to comply with the FOIA's time limits is, by itself, a violation of the FOIA." (internal quotation marks omitted)); *Or. Nat. Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) ("I find that defendants failed to make a timely determination, resulting in an improper withholding under the Act."); *Am. Civil Liberties Union v. Dep't of Def.*, 339 F. Supp. 2d 501, 505 (S.D.N.Y. 2004) (same).

This is, however, by no means an undisputed principle of law. Many courts, including several in this Circuit, have held that "untimeliness is not a *per se* statutory violation entitling the requester to any specific remedy," *Carmody & Torrance v. Def. Contract Mgmt. Agency*, No. 3:11-cv-1738 (JCH), 2014 WL 1050908, at *6 (D. Conn. Mar. 13, 2014), but rather that untimeliness entitles the requester to "to seek a remedy in the

form of judicial relief," *Citizens for a Strong New Hampshire, Inc. v. I.R.S.*, No. 14-cv-487 (LM), 2015 WL 5098536, at *6 (D. N.H. Aug. 31, 2015). These courts reason that because § 552(a)(C)(i) provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph," "Congress contemplated the scenario in which an agency fails to respond to a FOIA request within the allotted time" and provided a remedy in the form of the "deemed exhausted" clause. *Id.* This clause cannot, however "be read to automatically merit the entry of summary judgment in the requester's favor. Indeed, such a reading would effectuate an additional remedy beyond that which Congress expressly created." *Id.*; *see Carmody & Torrance*, 2014 WL 1050908, at *7 ("While the long unexplained delays present here dismay this court, Carmody's statutory remedy *is* the instant suit."); *Cmty. Ass'n for Restoration of the Env't, Inc. v. U.S. Envtl. Prot. Agency*, 36 F. Supp. 2d 1039, 1049 (E.D. Wash. 2014) ("That the EPA's determination was not made . . . until a year after the request does not necessarily make the EPA's deficiency actionable under the FOIA."); *Hainey v. U.S. Dep't of the Interior*, 925 F. Supp. 2d 34, 42 (D.D.C. 2013) ("While the Court agrees that the Department's responses were untimely under the statute, the Department's untimely responses, in and of themselves, do not entitle Hainey to judgment in her favor."); *Richardson v. Dep't of Justice*, 730 F. Supp. 2d 225, 231–32 (D.D.C. 2010) ("The timing of an agency's release of records responsive to a FOIA request does not determine whether the agency has complied with its obligations under the FOIA."); *M.K. v. U.S. Dep't of Justice*, No. 96 CIV 1307 (SHS), 1996 WL 509724, at *3 (S.D.N.Y. Oct. 1, 1996) ("[T]he government's failure to respond to M.K.'s request within

12

the statutory 10-day time limit does not give M.K. the right to obtain the requested documents; it merely amounts to an exhaustion of administrative remedies and allows M.K. to bring this lawsuit."); *Barvick v. Cisneros*, 941 F. Supp. 1015, 1019–20 (D. Kan. 1996) ("This court is persuaded that an agency's failure to respond within ten days does not automatically entitle a FOIA requester to summary judgment."); *see also Citizens for Responsibility & Ethics in Wash. ("CREW") v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013) (stating in dicta, "If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court").

While the Court is cognizant of Congress's intent in enacting FOIA "that the affected agencies be required to respond to inquiries and administrative appeals within specific time limits" because "information is often useful only if it is timely," *Gilmore*, 33 F. Supp. 2d at 1187 (quoting H. Rep. No. 876, 93d Cong., 2d Sess. (1974)), Plaintiffs cite no authority for the proposition that an agency's violation of FOIA's deadlines entitles the requester to automatic disclosure of the requested documents without any analysis of the agency's claimed exemptions.[11]

---

[11] None of the cases Plaintiffs cite stand for this proposition. *See Gilmore*, 33 F. Supp. 2d at 1188 (finding that "[b]ecause the documents were improperly withheld, this Court has jurisdiction over Gilmore's claim that the DOE has a pattern or practice of untimely responses to FOIA requests"); *CREW*, 711 F.3d at 189 ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court"); *S. Yuba River Citizens League*, 2008 WL 2523819, at *6 (awarding plaintiff declaratory judgment where agency failed to abide by FOIA's deadlines); *Or. Nat. Desert Ass'n*, 409 F. Supp. 2d at 1248 (same). In *ACLU v. Dep't of Def.*, cited by Plaintiffs in their Supplemental Reply [Doc. # 27], the court ordered the defendants—who had failed to produce or identify the

Nor have Plaintiffs shown that they are entitled to declaratory relief here. "A declaratory judgment action should be entertained when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991) (internal quotation marks and alterations omitted). Where, however, "the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties," a declaratory judgment is not appropriate. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 415 F. App'x 264, 267 (2d Cir. 2011) (internal quotation marks omitted).

Thus, in the FOIA context, courts have granted declaratory judgments where a plaintiff has shown that an agency engaged in a pattern or practice of delayed disclosure and that it is possible the violations will recur with respect to the same requesters. *See, e.g., Our Children's Earth Found.*, 2015 WL 4452136, at *9 ("[W]here the [agency] has repeatedly and substantially violated the time limits, and it is possible the violations will recur with respect to the same requesters, declaratory judgment is appropriate."); *S. Yuba River Citizens League*, 2008 WL 2523819, at *6 ("The consistency of these violations and the possibility that they might recur with plaintiffs' fourth, pending FOIA request show that a declaratory judgment is appropriate here."); *FightTheFence.org v. U.S. Dep't of*

---

requested documents or claim exemptions—to "produce or identify all responsive documents" and to produce a *Vaughn* index justifying its non-disclosure of certain documents. 339 F. Supp. 2d at 503. The court did not, and indeed could not, order the relief Plaintiffs appear to seek: an order requiring the turnover of all documents held by the agency regardless of the merits of their claimed exemptions.

*Commerce*, No. 04-CV-01907 (RPM), 2006 WL 650178, at *2 (D. Colo. Mar. 14, 2006) (finding that a declaratory judgment was not appropriate because the plaintiff did not demonstrate a pattern or practice of delay); *see also Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) ("So long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials, a party's challenge to the policy or practice cannot be mooted by the release of the specific documents that prompted the suit." (footnote omitted)).

Here, however, Plaintiffs have not alleged a pattern or practice of delay, and the Court will not, in any event, "draw general conclusions about the [DOJ's] agency-wide patterns and practices from its handling of one case." *Nkihtaqmikon v. Bureau of Indian Affairs*, 672 F. Supp. 2d 154, 171 (D. Me. 2009). Nor have Plaintiffs claimed that they are likely to file another request for documents in the near future. There would, in short, be no "implications for practical enforcement upon the parties" if the Court granted Plaintiffs a declaratory judgment that the DOJ violated FOIA. *Mitskovski*, 415 F. App'x at 267. For that reason, the Court declines to do so.

### D. Reasonableness of DOJ's Search

Plaintiffs additionally assert that the DOJ violated 5 U.S.C. § 552(a)(3)(C)[12] by failing to make a reasonable effort to search for responsive records. (Compl., Count Two, ¶ 32.) In making this argument, Plaintiffs appear to rely on the District of Columbia

---

[12] The Court notes that 5 U.S.C. § 552(a)(3)(C) specifically requires an agency to make reasonable efforts to search for records *in electronic form or format*, and there is no allegation that that was not done here. However, the Court construes Plaintiffs' allegation as a claim that the DOJ did not conduct a reasonable search.

Circuit's statement in *McGehee v. Central Intelligence Agency* that "a system, adopted by an agency for dealing with documents of a particular kind constitutes 'withholding' of those documents if its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them." 697 F.2d 1095, 1110 (D.C. Cir. 1983).

Specifically, Plaintiffs contend that "[t]he DOJ's conduct, in first soliciting an amended request from Navigators, acknowledging the resulting requests beyond the twenty day deadline and belatedly claiming exemptions to avoid disclosure, amounts to a systematic violation of the FOIA." (Pls.' Mem. Supp. at 12.) Plaintiffs add that "the multilevel and multiagency review of the documents, including handing over the majority of the estimated 3,000 to 5,000 potentially responsive documents to the Federal Bureau of Investigation only after conducting its own two-level review well beyond the statutory time frame, has improperly limited Navigators' access to the documents and unduly delayed a response when time is of the essence." (*Id.* at 13.)

The Court agrees that the DOJ's delay in this case was egregious. By the agency's own admission, it took a year and a half to review the 538 pages of records obtained from the District of Connecticut office in response to Plaintiffs' first request (in spite of the fact that the agency ultimately determined that none of the documents fell into FOIA exemptions), and it took the agency a year to review the documents obtained from the District of Connecticut office in response to Plaintiffs' second request and to forward documents that had originated to the FBI to that agency. Nonetheless, this delayed espousal of documents does not alone create "concerns . . . so great . . . as to convince the [C]ourt that defendant['s] search methods are objectively unreasonable." *S. Yuba River*

*Citizens League*, 2008 WL 2523819, at *16. "The touchstone of the reasonableness inquiry appears to be simply the thoroughness of the search, notwithstanding the tardiness of the results." *Id.* Plaintiffs here have made no claim that Defendant failed to conduct a thorough search, nor have they introduced any evidence from which such a conclusion could reasonably be reached. For this reason, Plaintiffs' motion for summary judgment on Count Two is denied.

Although the DOJ did not file a motion for summary judgment, in its opposition to Plaintiffs' motion for summary judgment, it requests that the Court enter judgment in its favor. (*See* DOJ's Opp'n at 13.) For the reasons that follow, as to Count Two, the Court declines to do so.

"In a FOIA case, where the adequacy of an agency's search is questioned, the Court may grant summary judgment based on information provided in '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Riccardi v. United States Dep't of Justice*, 32 F. Supp. 3d 59, 63 (D.D.C. 2014) (quoting *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)); *see Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA."). "The affidavits or declarations may be submitted by an individual who either participated in the search or coordinated the search." *Bigwood v. United States Dep't of Def.*, No. 11-CV-0602 (KBJ), 2015 WL 5675769, at *5 (D.D.C. Sept. 25, 2015). Such affidavits or declarations "are accorded a presumption of good faith."

17

*Long*, 692 F.3d at 191. "Once the agency has shown that its search was reasonable, the burden is on the requester to rebut that evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996). "This can be done either by contradicting the defendant's account of the search procedure or by raising evidence of the defendant's bad faith." *Id.* at 35–36.

The DOJ has failed to meet its initial burden of demonstrating that it "has conducted a search reasonably calculated to uncover all relevant documents." *Lewis v. U.S. Dep't of Justice*, 867 F. Supp. 2d 1, 11 (D.D.C. 2011). The only declaration the DOJ submitted to demonstrate the reasonableness of its search was that of Tricia Francis. In her declaration, Ms. Francis states that when she received each of Navigators' requests, she forwarded it to the FOIA point of contact at the District of Connecticut who conducted a search and sent the results of that search back to the EOUSA's FOIA/PA Staff. (Francis Decl. ¶¶ 11–14, 19–23.)

Ms. Francis's "declaration, however, does not explain the nature of the search conducted, including whether both electronic and paper files were searched, or who conducted the searches," *Gahagan v. U.S. Dep't of Justice*, No. CIV.A. 13-5526, 2014 WL 2158479, at *5 (E.D. La. May 23, 2014), which databases were searched, or what search terms were used, nor does it "'aver[] that all files likely to contain responsive materials . . . were searched,'" *Riccardi*, 32 F. Supp. 3d at 63 (quoting *Valencia–Lucena*, 180 F.3d at 326); *see also Defs. of Wildlife v. U.S. Dep't of Agric.*, 311 F. Supp. 2d 44, 55 (D.D.C. 2004) ("By not providing any details about his search, the Deputy Under Secretary's conclusory denial that he did not possess any responsive documents does not demonstrate beyond material doubt that the NRE's search was reasonably calculated to uncover all relevant

documents." (internal quotation marks and alternations omitted)). On the basis of this meager declaration alone, the Court cannot determine that the DOJ conducted a reasonably adequate search, and it therefore declines the DOJ's invitation to *sua sponte* grant it summary judgment on Count Two.

### E.  Public's Interest in Disclosure (Applicability of Exemptions)

Plaintiffs next assert that the public's interest in the disclosure of the documents withheld by the DOJ warrants a Court order requiring the DOJ to disclose those documents. (Pls.' Mem. Supp. at 13–15.)

In 5 U.S.C. § 552(b), "Congress exempted nine categories of documents from the FOIA's broad disclosure requirements." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 755 (1989). "FOIA's broad disclosure mandate . . . requires disclosure of documents unless they fall within one of the enumerated exemptions. The exemptions underscore Congress's recognition that not all information should be released to the public but do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *Amnesty Int'l USA v. C.I.A.*, 728 F. Supp. 2d 479, 500 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). To this end, "FOIA vests the court with the authority to determine whether a document or any part of a document is properly withheld under the enumerated FOIA exemptions." *Vento v. I.R.S.*, 714 F. Supp. 2d 137, 145–46 (D.D.C. 2010). "The agency has the burden of proving that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Id.* at 146 (internal quotation marks omitted).

In its *Vaughn* index,[13] the DOJ claims Exemptions 3, 5, 7(C), and 7(D). (*See* Ex. J to DOJ's Opp'n.) Exemption 3 includes any documents "specifically exempted from disclosure by statute . . . if that statute–"

> (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or
> (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and
> (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

5 U.S.C. § 552(b)(3).

Exemption 5 covers "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." *Id.* § 552(b)(5). Exemptions 7(C) and 7(D) encompass:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or

---

[13] A *Vaughn* index is an affidavit that indexes and specifically describes withheld or redacted documents and explains why each withheld record is exempt from disclosure. The index must afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding. Toward that end, the requester and the trial judge must be able to derive from the *Vaughn* index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure. While there is no set form for a *Vaughn* index, the agency should describe the documents with as much information as possible without thwarting the exemption's purpose. Moreover, a *Vaughn* index must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.

*Defs. of Wildlife v. U.S. Dep't of Agric.*, 311 F. Supp. 2d 44, 56–57 (D.D.C. 2004) (internal quotation marks, citations, and alterations omitted).

information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, [or] (D) could reasonably be expected to disclose the identity of a confidential source. . . and in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . . information furnished by a confidential source.

*Id.* §§ 552(b)(7)(C), (D).

Of these, only Exemption 7(C) requires courts to balance the privacy interests involved to "determine whether an invasion of privacy is *warranted.*" *Reporters Comm.*, 489 U.S. at 762 (emphasis in original). The Court therefore assumes, though Plaintiffs do not state it explicitly, that Plaintiffs' arguments regarding the public interest in the withheld documents are intended as a challenge to the DOJ's reliance on Exemption 7(C).

Plaintiffs do not dispute that the subject records were compiled by criminal law enforcement authority in the course of a criminal investigation. Thus, the Court need only determine whether release of the records could reasonably be expected to constitute an unwarranted invasion of personal privacy.

In determining whether Exemption 7(C) "applies to particular information, the Court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure." *Petrucelli v. Dep't of Justice*, 51 F. Supp. 3d 142, 164 (D.D.C. 2014). "It is a FOIA requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant." *Id.* That interest must be more than an interest in "having the information for its own sake." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). Indeed, "'the only public interest relevant for purposes of Exemption 7(C) is one that focuses on the

citizens' right to be informed about what their government is up to.'" *Petrucelli*, 51 F. Supp. 3d at 164 (quoting *Davis v. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992)).

Where, as here, the privacy interests asserted are those of private citizens "mentioned in law enforcement records, including investigators, suspects, witnesses, and informants," *Fischer v. U.S. Dep't of Justice*, 596 F. Supp. 2d 34, 47 (D.D.C. 2009), "the privacy interest[s] [are] at [their] apex," *Favish*, 541 U.S. at 157 (internal quotation marks and alterations omitted). This is so because "as a general matter, the identification of an individual in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." *Stephens v. Dep't of Justice*, 26 F. Supp. 3d 59, 69 (D.D.C. 2014). Thus, "persons involved in FBI investigations—even if they are not the subject of the investigation—have a substantial interest in seeing that their participation remains secret." *Fitzgibbon v. C.I.A.*, 911 F.2d 755, 767 (D.C. Cir. 1990) (internal quotation marks omitted). Furthermore, "[l]aw enforcement documents obtained by Government investigators often contain information about persons interviewed as witnesses or initial suspects but whose link to the official inquiry may be the result of mere happenstance." *Favish*, 541 U.S. at 157. "There is special reason, therefore, to give protection to this intimate personal data, to which the public does not have a general right of access in the ordinary course." *Id.*

Plaintiffs here do not contest the DOJ's application of Exemption 7(C) to any particular document, but rather argue that as a general matter, "the public has an interest in obtaining these records which will reveal the manner in which the government investigated and prosecuted the criminal activity of the corporate entities, NECD and IMS." (Pls.' Mem. Supp. at 14.) Plaintiffs add that "[t]his is especially true where, as here,

the crimes involved public banking. Furthermore, the criminal investigations resulted in guilty pleas, thereby entitling the public to have additional information about the investigation to understand whether the individuals were given preferential treatment." (*Id.*) Simply put, this showing is insufficient to meet Plaintiffs' burden.

Plaintiffs have made no argument regarding how the specific documents they seek here are likely to advance the interest they claim. *See Favish*, 541 U.S. at 172. Nor have they adduced anything more than "a bare suspicion" that DOJ officials acted improperly by affording certain defendants preferential treatment. *Id.* at 174 ("The requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."). As a result, their arguments do not suffice to demonstrate that the public interest in the withheld documents outweighs the privacy interests of cooperating witnesses, third parties, government personnel, and law enforcement personnel.

Plaintiffs attempt to salvage their claim by asserting that the privacy interests alleged here are in fact insignificant because the individual defendants in the criminal cases "have been publically charged . . . and ultimately pled guilty in plea agreements with the government." (Pls.' Mem. Supp. at 14.) This argument is, however, foreclosed by the Supreme Court's holding in *Reporters Committee* that individuals have a privacy interest even as to information that has previously been publicly disclosed.[14] 489 U.S. at 763–64.

---

[14] Plaintiffs cite to *Showing Animals Respect & Kindness v. U.S. Dep't of Interior*, 730 F. Supp. 2d 180 (D.D.C. 2010) as support for their argument. This case is, however, inapposite to the case at bar. In *Showing Animals Respect & Kindness*, the District of D.C.

"While it is true that the government may not rely on a FOIA exemption to withhold information that has been officially acknowledged or is in the public domain, the requester has the initial burden of showing prior disclosure by pointing to specific publicly disclosed information identical to that being withheld." *Stephens*, 26 F. Supp. 3d at 70 (quoting *Afshar v. Dep't of State*, 702 F.2d 1125, 1130–34 (D.C.Cir. 1983); *Davis*, 968 F.2d at 1279); *Inner City Press/Cmty. on the Move v. Bd. of Governors of Fed. Reserve Sys.*, 463 F.3d 239, 245 (2d Cir. 2006) ("While the government retains the burden of persuasion that information is not subject to disclosure under FOIA, 'a party who asserts that material is publicly available carries the burden of *production* on that issue.'" (quoting *Davis*, 968 F.2d at 1279)). That burden has not been met here.

Nor are Plaintiffs entitled to *in camera* review. FOIA provides for such review by the court "to determine whether [agency] records or any part thereof shall be withheld under any of the exemptions." 5 U.S.C. § 442(a)(4)(B). However, *in camera* review is "'the exception, not the rule,'" and "'the propriety of such review is a matter entrusted to the district court's discretion.'" *Carmody & Torrance*, 2014 WL 1050908, at *8 (quoting *Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. N.L.R.B.*, 845 F.2d 1177, 1180 (2d Cir. 1988)). "*In camera* review is appropriate where the government seeks to exempt entire documents but provides only vague or sweeping claims as to why those documents should be withheld. Only if the government's affidavits make it effectively impossible for the court to conduct de novo review of the applicability of FOIA exemptions is *in camera*

---

found that criminal defendants had only a minimal privacy interest in videos they created "expressly for distribution to the public," which they could not have expected to remain private. *Id.* at 193. The court went on to find, however, that the defendants did have a privacy interest in investigation records which contained their names. *Id.* at 197.

review necessary." *Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62, 67 (2d Cir. 2008) (internal citations omitted). Here, as explained above, the Court finds that the DOJ's declarations are sufficiently detailed with respect to the claimed exemptions that *in camera* review is unnecessary. Plaintiffs' motion for summary judgment as to Count One is therefore denied.

However, having reviewed both parties' briefing, and having given the parties notice of the Court's intent to consider granting the DOJ summary judgment *sua sponte*, the Court finds that summary judgment for the DOJ is warranted on Count One.[15] The *Vaughn* index produced by the DOJ adequately describes each of the withheld documents to permit the Court to rule on the DOJ's claimed exemptions. Although the DOJ claimed four exemptions, they overlap, and Exemption 7(C) is claimed for every withheld document. These documents all contain information about cooperating witnesses, third parties, government personnel, and law enforcement personnel, and as such, the Government's invocation of Exemption 7(C) is appropriate. Moreover, for the reasons discussed above, the Court does not find any overriding public interest in disclosure. Because Navigators has failed to articulate a public interest sufficient to outweigh the

---

[15] Federal Rule of Civil Procedure 56(f)(1) provides that a court may, "[a]fter giving notice and a reasonable time to respond . . . grant summary judgment for a nonmovant." *See Hayes v. Cnty. of Nassau*, 557 F. App'x 49, 51 (2d Cir. 2014) ("'District courts have the power to enter summary judgment *sua sponte* only if the losing party was on notice that it had to come forward with all of its evidence.'" (quoting *Pugh v. Goord*, 345 F.3d 121, 124 (2d Cir. 2003)). The Court here notified the parties of its intent to consider granting summary judgment in favor of the DOJ on November 13, 2015, and received supplemental briefing from Navigators on November 23, 2015.

privacy interests claimed by the DOJ, it is not entitled to disclosure of the withheld documents.[16]

Moreover, Navigators has failed to "'specifically rebut'" the presumption that the DOJ has complied with its "'obligation to disclose reasonably segregable material.'" *Carmody & Torrance*, 2014 WL 1050908, at *13 (quoting *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007)). Ms. Francis has attested that "[a]ll information withheld was exempt from disclosure pursuant to a FOIA exemption" and that "[a]fter EOUSA considered the segregability of the requested records, no reasonably segregable non-exempt information was withheld from plaintiff." (Francis Decl. ¶ 35.) These assertions are borne out by the descriptions of the withheld documents in the *Vaughn* index provided by the DOJ.

---

[16] Because Exemption 7(C) covers all of the withheld documents, the Court need not examine the applicability of the other exemptions claimed by the DOJ.

III.     **Conclusion**

For the foregoing reasons, Plaintiffs' Motion [Doc. # 22] for Summary Judgment is DENIED, their Motion [Doc. # 28] to Strike is denied as MOOT as to Defendant's Local 56(a)2 Statement, ¶¶ 25–30, 34, the first sentence of ¶ 31, and the first sentence of ¶ 35 of Ms. Francis's declaration, and DENIED as to the second sentence of ¶¶ 31 and 35, as well as ¶¶ 32 and 33 of Ms. Francis's declaration. The Court grants, *sua sponte*, summary judgment in Defendant's favor on Count One. As to Count Two, Defendant is directed to either conduct a new search or to submit a supplemental declaration demonstrating that its original searches were reasonably calculated to uncover all relevant documents. The supplemental declaration shall be filed within thirty days of this Ruling.

IT IS SO ORDERED.

       /s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of January 2016.