UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY, NAVIGATORS MANAGEMENT (UK) LTD, and CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S OF LONDON, <br>    *Plaintiffs*, <br>        *v.* <br> DEPARTMENT OF JUSTICE, <br>    *Defendant*. | Civil No. 3:15cv329 (JBA) <br><br> January 28, 2016 |

**NOTICE OF *SUA SPONTE* CONSIDERATION OF SUMMARY JUDGMENT AND SCHEDULING ORDER**

On November 13, 2015, the Court contacted counsel, noting that while only Plaintiffs had filed a motion for summary judgment, "under Federal Rule of Civil Procedure 56(f)(1), a court may '[a]fter giving notice and a reasonable time to respond . . . grant summary judgment for a nonmovant.'" *See Hayes v. Cnty. of Nassau*, 557 F. App'x 49, 51 (2d Cir. 2014) ("'District courts have the power to enter summary judgment *sua sponte* only if the losing party was on notice that it had to come forward with all of its evidence.'" (quoting *Pugh v. Goord*, 345 F.3d 121, 124 (2d Cir. 2003)). The Court invited "Navigators to 'come forward with' any additional briefing and/or evidence it [wished] the Court to review in conjunction with the briefing already filed in this case."

In response, on November 23, 2015 Plaintiffs filed a supplemental reply [Doc. # 27] to Defendant's opposition to their motion for summary judgment. Thereafter, on January 5, 2016, the Court denied [Doc. # 32] Plaintiffs' motion for summary judgment, and granted, *sua sponte*, summary judgment in favor of Defendant on Count One. With respect to Count Two, which charged that Defendant had failed to make reasonable

efforts to search for responsive records, the Court held that the Department of Justice ("DOJ") had "failed to meet its initial burden of demonstrating that it 'ha[d] conducted a search reasonably calculated to uncover all relevant documents,'" because the declaration submitted by the DOJ describing its search was inadequate. (Ruling Mot. Summ. J. at 18 (quoting *Lewis v. U.S. Dep't of Justice*, 867 F. Supp. 2d 1, 11 (D.D.C. 2011).) Therefore, the Court directed Defendant to "either conduct a new search or to submit a supplemental declaration demonstrating that its original searches were reasonably calculated to uncover all relevant documents." (*Id*. at 27.) On January 27, 2016, Defendant filed a supplemental declaration [Doc. # 33] describing its search process in greater detail.

In light of Defendant's filing of this supplemental declaration, the Court directs Plaintiffs to **show cause** in written briefing filed by **February 18, 2016** why the Court should not grant Defendant summary judgment *sua sponte* on Count Two, which would conclude this case. If no briefing is filed, the Court will consider only Defendant's supplemental declaration and its sufficiency to entitle Defendant to summary judgment on Count Two.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of January 2016.