UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY, NAVIGATORS MANAGEMENT (UK) LTD, and CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S OF LONDON,<br>　　*Plaintiffs*,<br>　　　*v.*<br>DEPARTMENT OF JUSTICE,<br>　　*Defendant*. | Civil No. 3:15cv329 (JBA)<br><br>February 29, 2016 |

**ORDER GRANTING JUDGMENT TO DEFENDANT ON COUNT TWO**

On January 28, 2016, in light of Defendant's filing of a supplemental declaration [Doc. # 33] purporting to correct errors noted by the Court in its Ruling on Plaintiffs' Motion for Summary Judgment [Doc. # 32], this Court notified [Doc. # 34] the parties of its intent to enter judgment in Defendant's favor unless Plaintiffs could show cause why the Court should not do so. Plaintiffs filed a Response [Doc. # 35] on February 18, 2016. For the following reasons, judgment is entered in Defendant's favor on Count Two.

**I.　　Background**

In the Court's Ruling on Plaintiffs' Motion for Summary Judgment, it denied Plaintiff summary judgment and granted Defendant summary judgment on Count One (alleging failure to release records responsive to Plaintiffs Freedom of Information Act ("FOIA") request) but not on Count Two (alleging failure to make a reasonable effort to search for responsive records). With respect to Count Two, the Court held that the Department of Justice ("DOJ") had "failed to meet its initial burden of demonstrating that it ha[d] conducted a search reasonably calculated to uncover all relevant documents" because "[t]he only declaration the DOJ submitted to demonstrate the reasonableness of

its search" did not "explain the nature of the search conducted, . . . which databases were searched, or what search terms were used," nor did it "aver that all files likely to contain responsive materials were searched." (Ruling Mot. Summ. J. at 18 (internal quotation marks, citations, and alternations omitted).) The Court therefore directed Defendant "to either conduct a new search or to submit a supplemental declaration demonstrating that its original searches were reasonably calculated to uncover all relevant documents." (*Id.* at 27.)

The revised declaration, written by John B. Hughes, the Chief of the Civil Division of the U.S. Attorney's Office for the District of Connecticut, avers that in response to Plaintiffs' request "for the release of any and all public records and documents maintained by the U.S. Department of Justice which touch upon, concern, or relate to the subject Request No. 2013-2695," FOIA Point of Contact Kristi Batterson "searched the CM/ECF records of this Court for relevant documents" from the four criminal cases related to Plaintiffs' request and additionally contacted Assistant U.S. Attorney ("AUSA") Paul Murphy, who handled the four criminal matters, and "requested that he provide any other public documents that might be located in the paper files." (Hughes Suppl. Decl. [Doc. # 33] ¶¶ 7, 9, 10.)

In response to Plaintiffs' request for "copies of all documents and information obtained by the government in connection with investigations into New England Cash Dispensing Systems, Inc.," Defendant "searched electronic and paper files" relating to USA v. Joseph Sarlo, using the search terms "New England Cash Dispensing Systems" and "Integrated Merchant Systems." (*Id.* ¶¶ 13, 18.) In addition, Ms. Batterson "sent a request for responsive records to supervising AUSA Ann Nevins." (*Id.* ¶ 17.) The "search

2

uncovered thousands of pages of records, including, but not limited to, court records, Grand Jury investigative records, and records that originated with the Federal Bureau of Investigation." (*Id.* ¶ 19.)

## II.   Legal Standard

"In a FOIA case, where the adequacy of an agency's search is questioned, the Court may grant summary judgment based on information provided in '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Riccardi v. United States Dep't of Justice*, 32 F. Supp. 3d 59, 63 (D.D.C. 2014) (quoting *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)); *see Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA."). "The affidavits or declarations may be submitted by an individual who either participated in the search or coordinated the search." *Bigwood v. United States Dep't of Def.*, No. 11-CV-0602 (KBJ), 2015 WL 5675769, at *5 (D. D.C. Sept. 25, 2015). Such affidavits or declarations "are accorded a presumption of good faith." *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 191 (2d Cir. 2012). "Once the agency has shown that its search was reasonable, the burden is on the requester to rebut that evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996). "This can be done either by contradicting the defendant's account of the search procedure or by raising evidence of the defendant's bad faith." *Id.* at 35–36.

### III.     Discussion[1]

As a preliminary matter, the Court finds that Defendant has met its initial burden of demonstrating that its search was reasonable, and the burden therefore shifts to Plaintiffs to rebut that evidence by a showing that the search was not conducted in good faith. To that end, Plaintiffs put forward three primary arguments:[2] (1) the Declaration "fails to show with sufficient detail that the search method was reasonably calculated to uncover all relevant documents"; (2) the Declaration "fails to identify the particulars of the search or explain how the search was conducted"; and (3) the Declaration "makes clear that the [first] search [described above] was conducted under the improper assumption that essentially all documents other than those publically filed were not subject to disclosure." (Pls.' Resp. Suppl. Decl. [Doc. # 35] at 2.)

---

[1] Summary judgment is appropriate where, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," Holcomb v. Iona Coll., 521 F.3d 130, 137 (2d Cir. 2008), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Williams v. Utica Coll. of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Bouboulis v. Transp. Workers Union of Am., 442 F.3d 55, 59 (2d Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, the Court may consider depositions, documents, affidavits, interrogatory answers, and other exhibits in the record. Fed. R. Civ. P. 56(c).

[2] Plaintiffs additionally argue that the search was not reasonable in that it belatedly referred the bulk of the documents to the FBI. (See Pls.' Resp. at 3–5.) However, the Court already considered and rejected that argument in the Ruling on Plaintiffs' Motion for Summary Judgment, and it does not depart from that ruling here.

The Court is not persuaded that these assertions suffice to show Defendant did not conduct the searches in good faith. Rather, the Declaration and attached exhibits demonstrate that Defendant utilized methods reasonably calculated to uncover relevant documents; it specifies which files and databases were searched and by whom and what search terms were used; and it avers that all files likely to contain responsive materials were searched. No more is required of Defendant. Although Plaintiffs object to Defendant's "improper assumption" that only publicly filed documents were subject to disclosure, Plaintiffs' request in fact sought only "public records and documents" (*see* Ex. A to Hughes Suppl. Decl.), and Plaintiffs did not appeal the DOJ's previous decision denying their request for non-public records on the grounds that they were exempt from disclosure pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C) (*see* Pls.' Mem. Supp. Mot. Summ. J. [Doc. # 23] at 3).

### IV.  Conclusion

Because Defendant has demonstrated that the searches it conducted were adequate, summary judgment is granted in Defendant's favor on Count Two. The Clerk is directed to close this case.

IT IS SO ORDERED.

　　　　　　　　　/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of February 2016.